[No. D048522. Fourth Dist., Div. One. Oct. 7, 2008.]

LLOYD BOUTON, Plaintiff and Appellant, v.
USAA CASUALTY INSURANCE COMPANY, Defendant and Respondent.

COUNSEL

Law Office of Jacques J. Kirch, Jacques J. Kirch; Law Offices of Daniel S. Rosenberg and Daniel S. Rosenberg for Plaintiff and Appellant.

Daniels, Fine, Israel, Schonbuch & Lebovits, Paul R. Fine and Erin O'Neill Hallissy for Defendant and Respondent.

OPINION

McDONALD, J.—We reconsider this appeal on remand from the California Supreme Court after its decision in *Bouton v. USAA Casualty Ins. Co.* (2008) 43 Cal.4th 1190 [78 Cal.Rptr.3d 519, 186 P.3d 1] (*Bouton*). Lloyd Bouton appeals an order denying his petition to compel arbitration of his claim against USAA Casualty Insurance Company (USAA) for underinsured motorist benefits under the automobile insurance policy USAA issued to his sister. Apparently alternatively, Bouton also appeals an order granting USAA's motion to strike his subsequently filed amended complaint that alleged causes of action for declaratory relief and breach of that insurance policy. In his initial appellant's brief, Bouton contended the trial court erred by denying his petition to compel arbitration because (1) the dispute whether he is an insured under USAA's policy is required to be arbitrated pursuant to Insurance Code section 11580.2, subdivision (f),[1] as interpreted by *Van Tassel v. Superior Court* (1974) 12 Cal.3d 624 [116 Cal.Rptr. 505, 526 P.2d 969]; and (2) the undisputed facts show he is an insured under USAA's policy entitled to arbitration of his claim. Bouton also contended the trial court erred in granting USAA's motion to strike his amended complaint without leave to amend because (1) the court had jurisdiction over the parties and controversy

---

[1] All statutory references·are to the Insurance Code unless otherwise specified.

and had a duty to decide all matters before it; (2) if the court does not decide all of those matters, res judicata will bar those causes of action he may allege in a new (or second) complaint; (3) his amended complaint was properly filed as an amended pleading and any defect was trivial; and (4) even were his pleadings defective, the court should have granted him leave to amend.

In our initial opinion in this case, we concluded section 11580.2, subdivision (f), as interpreted by *Van Tassel*, required arbitration of the disputed issue whether Bouton is an insured under USAA's policy despite exclusionary policy language arguably to the contrary. However, after granting USAA's petition for review, the California Supreme Court overruled its decision in *Van Tassel* and concluded a court, not an arbitrator, must decide whether Bouton is an insured under that policy. (*Bouton, supra*, 43 Cal.4th at pp. 1200–1201.) Accordingly, *Bouton* reversed our judgment and remanded the case to this court for further proceedings consistent with its opinion. (*Id.* at p. 1204.)

In a supplemental brief filed after remand from the California Supreme Court, Bouton contends that because the undisputed facts show he is an insured under his sister's policy, we should reverse the trial court's order denying his petition to compel arbitration and direct it to issue a new order finding he is an insured and granting his petition to compel arbitration. Alternatively, he requests that we reverse the trial court's order denying his petition to compel arbitration and direct the court to issue a new order finding the question whether he is an insured entitled to arbitration is for the court to decide and denying USAA's motion to strike his amended complaint. Because we conclude the trial court should have decided the question whether Bouton is an insured entitled to arbitration under his sister's policy, we reverse the trial court's order denying his petition to compel arbitration and remand with directions to conduct further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 8, 2005, in San Diego County Superior Court case No. GIN048508, Bouton filed a petition to compel arbitration (Petition) of his claim against USAA for underinsured motorist benefits under the automobile insurance policy (Policy) USAA issued to his sister, Samela Bouton. The Petition alleged that on May 7, 2004, he was injured in an automobile accident involving an automobile owned and operated by Kevin Daniels. On or about May 4, 2005, Bouton settled his claims against Daniels and his insurer (Mercury Insurance) for his policy's limit of $15,000. On May 20, Bouton demanded that USAA submit to arbitration of his claim under the Policy, which included a provision for uninsured or underinsured motorist benefits. The Petition further alleged, and Bouton's supporting declaration

stated, that at the time of the accident (i.e., May 7, 2004), Bouton was a permanent resident of the household, and a blood relative, of his sister, Samela Bouton. Bouton submitted a copy of the Policy in support of the Petition.

The Policy provides uninsured or underinsured motorist (UM) benefits for "covered person[s]."[2] That part of the Policy defines a "covered person" as "1. **You** [i.e., the named insured] or any **family member**. . . ." The Policy defines "family member" as "a person related to **you** [i.e., the named insured] by blood, marriage, or adoption who is a resident of **your** household. . . ." The Policy provides for arbitration of certain disputes relating to UM benefits: "If [USAA] and a **covered person** disagree as to: [¶] 1. Whether a **covered person** is legally entitled to recover [bodily injury] or [property damage] damages from the owner or operator of an **uninsured motor vehicle** or an **underinsured motor vehicle**; or [¶] 2. The amount of [bodily injury] damages that the **covered person** is legally entitled to collect from that owner; [¶] then, that disagreement shall be arbitrated, provided both parties so agree. This arbitration shall be limited to the two aforementioned factual issues and shall not address any other issues, including but not limited to, coverage questions. Any arbitration finding that goes beyond the two aforementioned factual issues shall be voidable by [USAA] or a **covered person**. . . ."

On December 8, 2005, USAA filed its opposition to the Petition, stating it had denied coverage for Bouton's UM claim and arguing that the question whether Bouton was an insured under the Policy was a coverage question not required to be arbitrated under either the Policy or section 11580.2, subdivision (f). On December 16, the trial court (San Diego County Superior Court Judge Joel M. Pressman) issued its order denying the Petition, citing *Freeman v. State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473 [121 Cal.Rptr. 477, 535 P.2d 341] (*Freeman*) and stating: "Here, the wording of the [Policy] between [USAA] and [Bouton's] sister is no broader than that found in Insurance Code § 11580.2[, subdivision] (f). Accordingly, arbitration is warranted between [USAA] and an insured only as to the issues of whether the insured is 'legally entitled to recover damages, and if so entitled, the amount thereof.' [Citation.] (Insurance Code § 11580.2[, subd.] (f).) However, at this juncture, [Bouton] has failed to establish that he is an insured, and therefore entitled to the protections of the above-referenced code section. Contrary to his assertions, [Bouton] may not, under the terms of the arbitration clause in

---

[2] The Policy stated: "[USAA] will pay compensatory damages which a **covered person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** because of [bodily injury] sustained by a **covered person** and caused by an auto accident. [¶] The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle** or the **underinsured motor vehicle**. . . ."

the [P]olicy or under Insurance Code § 11580.2[, subdivision] (f), arbitrate the issue of whether or not he *is* an insured. Accordingly, the instant petition cannot be granted as doing so would compel [USAA] to arbitrate issues broader than those contained in either the agreement or Insurance Code § 11580.2[, subdivision] (f)."

On January 12, 2006, *also* in San Diego County Superior Court case No. GIN048508, Bouton filed an amended complaint, alleging causes of action for declaratory relief, breach of contract, and breach of the implied covenant of good faith and fair dealing. The amended complaint's allegations recited the May 7, 2004, accident and USAA's denial of Bouton's claim for UM benefits. On February 14, USAA filed a motion to strike Bouton's amended complaint, arguing the amended complaint was procedurally improper because he had not filed an original complaint and the trial court's jurisdiction in the instant case (i.e., San Diego County Super. Ct. case No. GIN048508) was limited to granting or denying the Petition.

On March 29, 2006, Bouton opposed USAA's motion to strike his amended complaint, arguing the instant case was a pending action giving the trial court jurisdiction over the parties and their dispute, and res judicata would bar his causes of action were he required to file a new (or second) complaint. Bouton also suggested the trial court reconsider its December 16, 2005, order denying the Petition, citing (*for the first time*) *Van Tassel* and arguing that, based on *Van Tassel*'s interpretation of section 11580.2, subdivision (f), the factual question of whether he is an insured under the Policy is *required* to be *arbitrated*.

On April 12, the trial court (San Diego County Superior Court Judge Richard G. Cline) issued an order granting USAA's motion to strike Bouton's amended complaint without leave to amend. In so doing, the court did *not* address Bouton's suggestion it reconsider its December 16, 2005, order considering *Van Tassel*. Bouton timely filed a notice of appeal challenging both orders.

In our original opinion in this matter (*Bouton v. USAA Casualty Ins. Co.* (Dec. 21, 2006, D048522), revd. by *Bouton v. USAA Casualty Ins. Co.* (2008) 43 Cal.4th 1190 [78 Cal.Rptr.3d 519, 186 P.3d 1]), we followed *Van Tassel* and concluded the issue whether Bouton is an insured (or covered person) under the Policy is required to be arbitrated pursuant to section 11580.2, subdivision (f). Accordingly, we reversed the trial court's order denying the Petition and remanded with directions that the court vacate that order and issue a new order granting the Petition. After granting USAA's petition for review, the California Supreme Court overruled its decision in *Van Tassel* and concluded a court, not an arbitrator,

must decide whether Bouton is an insured under that policy. (*Bouton, supra,* 43 Cal.4th at pp. 1200–1201.) Accordingly, *Bouton* reversed our judgment and remanded the case to this court for further proceedings consistent with its opinion. (*Id.* at p. 1204.)

On September 4, 2008, Bouton filed a supplemental opening brief in response to *Bouton.* On September 19, USAA filed a supplemental respondent's brief.

## DISCUSSION

### I

*Section 11580.2, Subdivision (f) Generally*

■    Section 11580.2 "requires insurance policies covering the ownership, maintenance, or use of any motor vehicle to also provide coverage for damages caused by the operation of an uninsured or underinsured motor vehicle. [Citation.] [¶] Unless the insurer and named insured execute a written waiver in the statutory form [citation], *section 11580.2* becomes part of every motor vehicle liability insurance policy [citation] and *sets forth a mandatory minimum required by law.* [Citation.] *A policy that purports to limit or provide more restrictive coverage will not be given effect.* [Citations.]" (*Daun v. USAA Casualty Ins. Co.* (2005) 125 Cal.App.4th 599, 606 [23 Cal.Rptr.3d 44], italics added.) "[S]ection 11580.2 defines coverage in terms of the 'insured' and not the insured's occupancy of any particular type of motor vehicle." (*Ibid.*) An "insured" entitled to coverage under section 11580.2 includes an individual named insured and his or her family members who reside in the same household " 'while [they are] occupants of a motor vehicle or otherwise.' " (*Daun,* at p. 606; see § 11580.2, subd. (b).)

■    Section 11580.2, subdivision (f), requires policy language providing for arbitration of disputes: "The policy or an endorsement added thereto shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration. . . ." The purpose of section 11580.2, subdivision (f), "is to offer a means of resolving disputes that is more expeditious and less expensive than litigation. [Citations.] Its beneficiaries include the insurer and the insured . . . ." (*Mercury Ins. Group v. Superior Court* (1998) 19 Cal.4th 332, 342 [79 Cal.Rptr.2d 308, 965 P.2d 1178].) Because an insurance policy is a contract, the strong public policy in favor of contractual arbitration applies to the policy arbitration provision required by section 11580.2, subdivision (f). (*Mercury Ins. Group,* at p. 342; *Moncharsh v.*

*Heily & Blase* (1992) 3 Cal.4th 1, 9 [10 Cal.Rptr.2d 183, 932 P.2d 899]; *Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street* (1983) 35 Cal.3d 312, 322 [197 Cal.Rptr. 581, 673 P.2d 251].)

## II

### *California Supreme Court's Decision in* Bouton

In *Bouton, supra,* 43 Cal.4th 1190, the California Supreme Court concluded: "Determining whether a claimant is insured under an uninsured motorist provision is not a question of the underinsured tortfeasor's liability or damages owed to the insured, and is therefore not subject to arbitration under . . . section 11580.2, subdivision (f)." (*Id.* at p. 1193.) Overruling its holding in *Van Tassel* to the contrary, the court in *Bouton* applied its decision in *Freeman, supra,* 14 Cal.3d 473 to conclude "a court, not an arbitrator, must determine whether Bouton is insured under his sister's policy." (*Bouton,* at p. 1201.) *Bouton* explained: "Whether Bouton is a covered person under the insurance policy is not a question regarding the underinsured tortfeasor's liability to the insured, or the amount of damages. *Questions of coverage— that is, whether the claimant is insured* and therefore entitled to take advantage of the protection provided by the policy at issue—*must be resolved before an arbitrator reaches the two arbitrable questions* pursuant to section 11580.2, subdivision (f). Here, the policy acknowledges as much, providing that 'arbitration . . . shall not address any other issues, including but not limited to, coverage questions.' *Coverage questions* fall outside of the two issues necessarily arbitrable under section 11580.2, subdivision (f), and *must therefore be decided by a court, not an arbitrator,* if the parties have not agreed to arbitrate more than the statute requires." (*Bouton, supra,* 43 Cal.4th at p. 1201, italics added.) Accordingly, *Bouton* reversed our judgment and remanded the matter to this court for further proceedings consistent with its decision. (*Id.* at p. 1204.)

## III

### *Did the Trial Court Decide Whether Bouton Is an Insured?*

Bouton contends the trial court, in denying the Petition, made a factual determination that he is not an insured under the Policy. Bouton argues that because the evidence in support of the Petition was undisputed and shows he is an insured, the trial court erred and should be directed to issue a new order finding he is an insured.

## A

The Petition alleged that an actual controversy existed between USAA and Bouton regarding whether the Policy provided UM coverage for his injuries and damages and "that Arbitration is the proper way to determine whether [Bouton] is entitled to damages, and if so[,] the amount of those damages." The Petition alleged, and Bouton's supporting declaration stated, that at the time of the accident (i.e., May 7, 2004), Bouton was a permanent resident of the household, and a blood relative, of his sister, Samela Bouton (the named insured under the Policy). The Petition requested the trial court order USAA and Bouton to arbitrate "the controversy."

In opposing the Petition, USAA argued the Petition sought arbitration of three issues: (1) whether Bouton is an insured under the Policy; (2) if he is an insured, whether Bouton is legally entitled to recover damages from a UM; and (3) if so, the amount of his damages. USAA then argued that because the question whether Bouton is an insured (i.e., a covered person) under the Policy is expressly excluded from the scope of the Policy's arbitration provision, the trial court should deny the Petition. USAA did not submit any declarations or other evidence in opposition to the Petition.

In reply to USAA's opposition, Bouton argued it was USAA's duty to file an action for declaratory relief if it questioned whether he is an insured under the Policy and, because it did not do so, it could not dispute that he is an insured. Bouton stated: "[Bouton] has not requested the court make a finding of insurance coverage in this matter. If coverage is an issue for . . . USAA, it has since failed to act. The issue of whether [Bouton] is afforded coverage under the [P]olicy is not before this court. . . . Since . . . USAA refused to file a declaratory relief action when requested by [Bouton] to decide coverage, it essentially extended coverage and made no objection to coverage."[3] He further stated: "[USAA] has failed to show any evidence to this court in the form of a declaration, or other evidence . . . , that the matter should not go forward to Arbitration. However, to the contrary, [Bouton] has signed a declaration under penalty of perjury that he is entitled to the benefits under the [P]olicy. Therefore, the court must find for [Bouton] and order the parties to Arbitration." Bouton argued USAA "merely claims there is a coverage issue . . . and incorrectly assumes that this court should deny the motion[] just because [USAA] claims there is a dispute [apparently regarding whether

---

[3] To the same effect, Bouton further argued: "[Bouton] has merely provided the court with a foundation in the moving papers to demonstrate that [Bouton] is a covered insured. [Bouton] again does not request the court make [a] finding on whether or not there is coverage for this matter."

he is an insured]." Accordingly, Bouton requested that the trial court grant the Petition.

On December 16, 2005, the trial court issued its written order denying the Petition. Citing *Freeman*, the court concluded the question whether Bouton is an insured under the Policy is not subject to arbitration under the Policy's arbitration provision, which provides for arbitration only of the two issues required under section 11580.2, subdivision (f). Accordingly, the court concluded the Petition "cannot be granted as doing so would compel [USAA] to arbitrate issues broader than those contained in either the [Policy's arbitration] agreement or . . . § 11580.2[, subdivision] (f)." The court also stated: "[A]t this juncture, [Bouton] has failed to establish that he is an insured, and therefore entitled to the protections of [section 11580.2, subdivision (f)]." The court rejected Bouton's argument that USAA was required to seek declaratory relief holding that he is not an insured under the Policy and explaining: "After all, *he* is the one seeking to enforce the arbitration clause. It follows that he carries the burden of establishing that he is entitled to its protections."

B

We conclude the trial court in denying the Petition did not decide the question whether Bouton is an insured under the Policy. Rather, it apparently adopted USAA's argument that the Petition should be denied because the question whether Bouton is an insured is not subject to arbitration under either the Policy's arbitration provision or section 11580.2, subdivision (f), as interpreted by *Freeman*. Based solely on that reasoning, the court denied the Petition. The record does not support a reasonable inference that the court considered the evidence submitted by Bouton on the question whether he is an insured under the Policy *or* that it made a finding, based on that evidence, that Bouton is or is not an insured under the Policy. Rather, apparently presuming Bouton could only make that showing by means of an action for declaratory relief, the trial court merely observed: "[A]t this juncture, [Bouton] has failed to establish that he is an insured, and therefore entitled to the protections of [section 11580.2, subdivision (f)]." Therefore, the record shows the trial court did not consider the evidence and decide whether Bouton is, in fact, an insured under the Policy. When the record shows a trial court does not "undertake the factual inquiry necessary to determine" a question, we may not infer on appeal that factual finding. (*Wagner Construction Co. v. Pacific Mechanical Corp.* (2007) 41 Cal.4th 19, 31 [58 Cal.Rptr.3d 434, 157 P.3d 1029].)

# IV

## *Should the Trial Court Decide Whether Bouton Is an Insured in the Petition Proceedings?*

Bouton apparently contends that if, as we have concluded, the trial court did not decide the question whether he is an insured under the Policy, the court should make that determination in the proceedings on the Petition. He argues that he should not be required to file a separate action for declaratory relief to obtain a determination on the preliminary question of whether he is an insured under the Policy with standing to enforce the Policy's UM arbitration provisions. USAA argues that the question whether Bouton is an insured under the Policy cannot be decided in the proceedings on the Petition and can *only* be decided in a separate action for declaratory relief.

## A

Because neither party cites, and we have not found, any reported case that expressly addresses this issue, it appears to be a question of first impression whether a factual question that is preliminary or predicate to contractual or statutory arbitration, including whether Bouton is an insured under the Policy with standing to enforce its arbitration provision, can be decided by a trial court in the proceedings on a petition to compel arbitration or whether that question can only be decided in a separate action for declaratory relief. Furthermore, although in *Bouton* the California Supreme Court held that a trial court must decide the question whether Bouton is an insured under the Policy, *Bouton* did not expressly address the question whether that determination can be made by a trial court in proceedings on a petition to compel arbitration or must be made only in a separate action for declaratory relief. (*Bouton, supra*, 43 Cal.4th at p. 1201.)

Absent any reported case on that issue, we reviewed analogous cases involving trial court determinations on other factual questions that are preliminary or predicate to contractual arbitration. For example, in circumstances generally involving contractual arbitration provisions, when a petitioner files a petition to compel arbitration of that arbitration provision, a trial court must make preliminary factual determinations whether (1) there is an arbitration agreement; and (2) the petitioner is a party to that agreement or can otherwise enforce that agreement. (Code Civ. Proc., § 1281.2.) Code of Civil Procedure section 1281.2 authorizes petitions to compel arbitration, providing in part: "On petition of a *party to an arbitration agreement* alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy *if it determines that*

*an agreement to arbitrate the controversy exists . . . ."* (Italics added.) Therefore, in considering a Code of Civil Procedure section 1281.2 petition to compel arbitration, a trial court must make the preliminary determinations whether there is an agreement to arbitrate and whether the petitioner is a party to that agreement (or can otherwise enforce the agreement). (*City of Hope v. Bryan Cave, L.L.P.* (2002) 102 Cal.App.4th 1356, 1369 [126 Cal.Rptr.2d 283] ["[I]n addition to determining whether an arbitration agreement exists, the court needs to determine who has standing to demand arbitration."].)

"As a general matter, only signatories to an arbitration agreement may enforce it. [Citation.]" (*Rowe v. Exline* (2007) 153 Cal.App.4th 1276, 1284 [63 Cal.Rptr.3d 787].) However, there are exceptions to that general rule for nonsignatory persons who are agents or alter egos of a signatory party or intended third party beneficiaries of an arbitration agreement. (See, e.g., *Rowe*, at pp. 1282–1285 [nonsignatory petitioners could enforce arbitration agreement as alter egos of corporate signatory party]; *Dryer v. Los Angeles Rams* (1985) 40 Cal.3d 406, 418 [220 Cal.Rptr. 807, 709 P.2d 826] [nonsignatory persons alleged to be agents of signatory party may enforce arbitration agreement]; *Valley Casework, Inc. v. Comfort Construction, Inc.* (1999) 76 Cal.App.4th 1013, 1021 [90 Cal.Rptr.2d 779] (*Valley Casework*) ["[I]n many cases, nonparties to arbitration agreements are allowed to enforce those agreements where there is sufficient identity of parties."]; *Harris v. Superior Court* (1986) 188 Cal.App.3d 475, 478 [233 Cal.Rptr. 186] ["[A] nonsignatory beneficiary of an arbitration clause is entitled to require arbitration."]; cf. *Smith v. Microskills San Diego L.P.* (2007) 153 Cal.App.4th 892, 896–900 [63 Cal.Rptr.3d 608] [nonsignatory petitioner was neither an agent nor an intended third party beneficiary and therefore could not enforce arbitration agreement]; *Flores v. Evergreen at San Diego, LLC* (2007) 148 Cal.App.4th 581, 586–587, 594 [55 Cal.Rptr.3d 823] [nonsignatory respondent wife was not bound by arbitration agreement because her signatory husband was not her agent].)

In particular, one court stated: "[A] person who can show he is a third party beneficiary of an arbitration agreement may be entitled to enforce that agreement. [Citation.]" (*Valley Casework, supra*, 76 Cal.App.4th at pp. 1021–1022; see also Civ. Code, § 1559 ["A contract, made expressly for the benefit of a third person, may be enforced by him . . . ."].) Accordingly, in a case where persons "did not prove [to the trial court] they were intended beneficiaries under the [arbitration agreement], there was no error in denying their petitions for arbitration. [Citation.]" (*City of Hope v. Bryan Cave, L.L.P., supra*, 102 Cal.App.4th at p. 1371.)

"A petition to compel arbitration ' "is in essence a suit in equity to compel specific performance of a contract." ' [Citations.]" (*Rosenthal v. Great Western*

*Fin. Securities Corp.* (1996) 14 Cal.4th 394, 411 [58 Cal.Rptr.2d 875, 926 P.2d 1061].) In a petition to compel arbitration "where the person asserting the demand is claiming as a third party beneficiary, a minimal requirement [for pleading] would appear to be an allegation of a controversy between the parties, facts demonstrating the existence of an arbitrable controversy, the existence of the written agreement, and an allegation that the other party has refused to arbitrate." (*City of Hope v. Bryan Cave, L.L.P., supra*, 102 Cal.App.4th at p. 1369.) The preliminary determination of standing to arbitrate as a party to the arbitration agreement is a question for the trial court. (*Ibid.; Valley Casework, supra*, 76 Cal.App.4th at p. 1017; *American Builder's Assn. v. Au-Yang* (1990) 226 Cal.App.3d 170, 180 [276 Cal.Rptr. 262]; *Unimart v. Superior Court* (1969) 1 Cal.App.3d 1039, 1047 [82 Cal.Rptr. 249].) "It is settled that the question of whether a nonsignatory to an arbitration agreement may enforce the arbitration provisions is one that must be decided by the court on the basis of the facts found prior to any arbitration going forward. [Citation.]" (*Valley Casework*, at p. 1020.)

B

Based on our consideration of the above cases in the context of Code of Civil Procedure section 1281.2 petitions to compel arbitration, we conclude the instant case is analogous to those cases in which the trial court makes the preliminary determination whether the petitioner is a party to, or can otherwise enforce, an arbitration agreement. For example, in deciding a petition to compel arbitration, a trial court may decide, based on the evidence before it, that the petitioner is a third party beneficiary to an existing arbitration agreement and therefore may enforce that agreement. That preliminary finding by a trial court on the petitioner's "standing" to compel arbitration of a controversy is one properly made in the proceedings on a petition to compel arbitration.

The issue in this case is not significantly different, even if not identical. Pursuant to *Bouton*, a trial court must decide whether Bouton is an insured under the Policy entitled to enforce the Policy's arbitration provision. Therefore, the trial court, in effect, must determine whether Bouton has standing, as an insured, to enforce the Policy's arbitration provision. Because that preliminary question of standing is so closely connected and is a predicate to the ultimate determination whether to compel arbitration of the Policy's arbitration provision, it is not only logical, but also most efficient, to have the trial court determine that question in the proceedings on the Petition, rather than in a separate action for declaratory relief. Because Bouton initially chose to file a petition to compel arbitration of the Policy's arbitration provision, the trial court in this case *should* have addressed and determined *in the proceedings on the Petition* the question whether he is an insured under the Policy entitled

to enforce the Policy's arbitration provision. Bouton was *not* required to file a separate action for declaratory relief to obtain a determination by a trial court on that question of standing to enforce the Policy's arbitration provision.

However, we do not believe the instant question could be determined only in the proceedings on a petition to compel arbitration. For example, had Bouton initially filed a separate action for declaratory relief on the question whether he is an insured under the Policy, we believe the trial court could have properly addressed and decided that question and rendered such declaratory relief as it deemed appropriate. In that scenario, were the trial court to render declaratory relief finding Bouton to be an insured under the Policy, Bouton could then file a petition to compel arbitration of the Policy's arbitration provision if USAA thereafter nevertheless refused to arbitrate the UM issues. The trial court's declaratory finding that Bouton is an insured would be res judicata on that issue and would expedite the proceedings on the subsequent petition to compel arbitration.

V

*Proceedings on Remand*

Bouton contends that because the trial court erred in denying the Petition and the undisputed evidence showed he is an insured under the Policy, we should conclude, as a matter of law, that he is an insured under the Policy and therefore on remand direct the trial court to issue a new order granting the Petition. However, the trial court did not expressly consider the evidence submitted by Bouton on, or decide, the question whether Bouton is an insured under the Policy.[4] At most, in denying the Petition based on the nonarbitrability of that question, the court observed, essentially as an aside, that Bouton had failed to establish he is an insured under the Policy. Because the record does not show the trial court considered the evidence submitted (consisting only of Bouton's declaration), we remand the matter for further proceedings on the question whether Bouton is an insured under the Policy entitled to enforce the Policy's arbitration provision. In the course of those further proceedings, the trial court "may conduct whatever additional factual and legal inquiries are necessary to decide" the question whether Bouton is an insured under the Policy. (*Wagner Construction Co. v. Pacific Mechanical Corp., supra,* 41 Cal.4th at p. 31.) Because we have only now clarified that the trial court must decide in the proceedings on the Petition whether Bouton is an insured under an insurance policy entitled to enforce the policy's arbitration provision, USAA, as well as the trial court, may reasonably have misunderstood the proper scope of the proceedings on a petition to compel

---

[4] *USAA did not submit any evidence in opposition to the Petition.*

arbitration. Accordingly, USAA, relying on a dearth of law showing otherwise, may have reasonably presumed it need not present any evidence in opposing the Petition. Therefore, to grant USAA procedural fairness, the trial court should allow the parties to conduct discovery on the question whether Bouton is an insured under the Policy and to thereafter submit new (as well as previously submitted) evidence on that issue.

■ Although there apparently are no reported cases expressly on point, the Civil Discovery Act (Code Civ. Proc., § 2016.010 et seq.) applies to "every civil action and special proceeding of a civil nature." (*Leake v. Superior Court* (2001) 87 Cal.App.4th 675, 682 [104 Cal.Rptr.2d 767], disapproved on another ground in *People v. Yartz* (2005) 37 Cal.4th 529, 537, fn. 4 [36 Cal.Rptr.3d 328, 123 P.3d 604].) Code of Civil Procedure section 2017.010 provides: "Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending *action* . . . ." (Italics added.) Code of Civil Procedure section 2016.020 defines "action" for purposes of the Civil Discovery Act as including "a civil action and a special proceeding of a civil nature." Code of Civil Procedure section 22 defines an "action" as "an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." Code of Civil Procedure section 23 provides: "Every other remedy is a special proceeding." Part 3 of the Code of Civil Procedure (Code Civ. Proc., §§ 1063–1822.60) sets forth procedures for special proceedings of a civil nature. Code of Civil Procedure section 1280 et seq., including Code of Civil Procedure section 1281.2, sets forth provisions regarding arbitration. ■ Because a Code of Civil Procedure section 1281.2 petition to compel arbitration falls within the provisions of the Code of Civil Procedure for "special proceedings of a civil nature," the Civil Discovery Act's provisions apply to Code of Civil Procedure section 1281.2 proceedings. Accordingly, parties to a Code of Civil Procedure section 1281.2 proceeding have discovery rights under the Civil Discovery Act, subject to the relevancy requirement and other provisions limiting the scope and timing of that discovery. (See, e.g., Code Civ. Proc., §§ 2017.010, 2017.020.)

Furthermore, we note that in *Rosenthal v. Great Western Fin. Securities Corp., supra,* 14 Cal.4th 394, the California Supreme Court alluded to, and appeared to impliedly recognize, the parties' discovery rights in a Code of Civil Procedure section 1281.2 proceeding, but did not expressly address or decide that issue: "In support of their claim the summary procedure of [Code of Civil Procedure] sections 1281.2 and 1290.2 deprives them of due process, plaintiffs assert the hearing and determination of a petition to compel 'could take place early on in the proceedings, without the opportunity for discovery.' Plaintiffs do not, however, assert they actually had insufficient time to

conduct discovery before hearing of the petition, or that they sought and were refused discovery of any matter pertinent to the enforceability of the arbitration clause. . . . These circumstances do not establish plaintiffs have been unfairly denied discovery of anything they need to oppose the petition to compel arbitration." (*Rosenthal*, at pp. 412–413.)

■ After receipt of any additional evidence submitted by the parties on the question whether Bouton is an insured under the Policy, the trial court should then conduct the summary procedure contemplated by Code of Civil Procedure sections 1281.2 and 1290.2. Code of Civil Procedure section 1290.2 provides: "A petition under this title shall be heard in a summary way in the manner and upon the notice provided by law for the making and hearing of motions, except that not less than 10 days' notice of the date set for the hearing on the petition shall be given." In summary proceedings under Code of Civil Procedure sections 1281.2 and 1290.2, "the trial court sits as a trier of fact, weighing all the affidavits, declarations, and other documentary evidence, as well as oral testimony received at the court's discretion, to reach a final determination. [Citation.]" (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 972 [64 Cal.Rptr.2d 843, 938 P.2d 903].) Although an evidentiary hearing is generally not required in such summary proceedings, an evidentiary hearing may be the better course for a trial court where the documentary evidence submitted by the parties is conflicting and the court could weigh the credibility of witnesses by hearing oral testimony. (*Rosenthal v. Great Western Fin. Securities Corp., supra,* 14 Cal.4th at p. 414.) In the circumstances of *Rosenthal*, the court stated: "We decline to embrace the broad rule proposed by [appellants]. There is simply no authority for the proposition that a trial court necessarily abuses its discretion, in a motion proceeding, by resolving evidentiary conflicts without hearing live testimony. Nonetheless, we agree that where . . . the enforceability of an arbitration clause may depend upon which of two sharply conflicting factual accounts is to be believed, the better course would normally be for the trial court to hear oral testimony and allow the parties the opportunity for cross-examination. As the trial court here remarked, 'it's pretty difficult to weigh credibility without seeing the witnesses.' " (*Rosenthal*, at p. 414.) Applying that same rationale to this case, it likely will be the better course for the trial court on remand to hear oral testimony of witnesses in the event the affidavits, declarations, and other documentary evidence submitted by the parties are sharply conflicting on the question whether Bouton is an insured under the Policy.[5]

---

[5] Because we reverse the trial court's order denying the Petition, we need not address Bouton's alternative contention that the court erred by granting USAA's motion to strike his subsequently filed amended complaint.

## DISPOSITION

The order denying the petition to compel arbitration is reversed and the matter is remanded with directions that the trial court issue a new order vacating that order and thereafter conduct further proceedings consistent with this opinion. The parties shall bear their own costs on appeal.

Haller, Acting P. J., and McIntyre, J., concurred.