Filed 5/21/15  Villa v. Alessi & Koenig CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| AURELIA ALEXANDRA VILLA, | B258022 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC542923) |
| v. | |
| ALESSI & KOENIG, LLC, et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Maureen Duffy-Lewis, Judge.  Affirmed.

Robert A. Koenig, in pro. per., and for Defendants and Appellants Alessi & Koenig, LLC, Thomas J. Bayard and David A. Alessi.

The Law Offices of Joel M. Pores, and Joel M. Pores for Plaintiff and Appellant.

_____

## INTRODUCTION

Appellants Alessi & Koenig, LLC, Thomas J. Bayard, David A. Alessi and Robert A. Koenig appeal from an order denying their petition to compel respondent Aurelia A. Villa to arbitrate her legal malpractice claim against them. The trial court denied the petition because appellants failed to produce a fully signed copy of the retainer agreement containing the arbitration clause. On appeal, appellants contend they met their burden of showing the existence of an arbitration agreement. Although we agree that appellants met their initial burden of proof on that issue, we conclude the petition to compel arbitration was properly denied. The entire retainer agreement was subject to rescission for failure to comply with Business and Professions Code section 6148,[1] which required appellants to provide respondent with a fully signed copy of the retainer agreement. Because the evidence in the record showed appellants failed to do so, the entire agreement was voidable, and respondent has elected to void the agreement. Accordingly, we affirm the trial court's order denying the petition to compel contractual arbitration.

## FACTUAL BACKGROUND & PROCEDURAL HISTORY

On April 16, 2014, respondent filed a verified complaint for damages against appellants, alleging that they had committed legal malpractice. The verified complaint alleged that on September 9, 2010, respondent retained appellants to help her keep her home by obtaining a loan modification, but that they failed to do so. It was further alleged that the retainer agreement violated Civil Code sections 2944.6 and 2944.7, as appellants failed to make the required disclosures, were paid in full in advance of the completion of their services, and failed to provide a "fully

---

[1] Undesignated statutory references are to the Business and Professions Code.

2

executed copy of the [retainer] agreement to plaintiff." The complaint also alleged that appellants had violated section 6148 by "failing to have a contract for legal services in writing," thus making it voidable under subdivision (c) of section 6148. Respondent elected to void any "oral agreements" with appellants for legal services. A copy of the retainer agreement, unsigned by any party, was attached to the complaint. In the agreement, respondent agreed to pay an initial retainer fee of $3,000 and monthly payments of $1,000 in return for certain enumerated legal services.

On May 23, 2014, appellants filed a petition to compel contractual arbitration and stay the civil proceedings. Appellants asserted the parties had agreed to an attorney-client retainer agreement containing an arbitration clause. In a supporting declaration, attorney Thomas J. Bayard stated: "Your Declarant personally sent a copy of the [r]etainer agreement to the Plaintiff by E Mail several days before she came into the office to execute it. A true and correct copy of said [r]etainer is attached hereto marked Exhibit '1' and incorporated herein by this reference as though fully set forth at length." Bayard never asserted that he or anyone else at the law firm had signed the retainer agreement. An unsigned copy of the agreement, identical to the document appended to respondent's verified complaint, was attached.

Respondent opposed the petition to compel arbitration, arguing that appellants had failed to meet their burden to show the existence of an agreement to arbitrate. Respondent noted that the retainer agreement attached to the petition was unsigned.

In reply, appellants pointed to respondent's testimony in a prior bankruptcy proceeding, in which she admitted signing the retainer agreement. They lodged the

3

reporter's transcript of a June 13, 2013 hearing in which the following exchange occurred:

"BY MR. BAYARD:

"Q. [Ms. Villa], you testified that the retainer agreement that you provided to the [bankruptcy] trustee is the same retainer agreement that you got from my office, correct?

"A. Correct, because it came in an attachment to an email that you sent me.

"Q. Okay. And you signed it and returned this agreement?

"A. I did. I don't have the signed copy with me that's why. It's in storage.

"Q. No, I -- I understand that. And -- but you did receive a signed copy of it?

"A. I believe it's in storage." [2]

On July 18, 2014, respondent filed a "Further Response To Petition To Compel Arbitration And Motion For Stay," arguing, inter alia, that appellants had failed to provide any credible proof that the retainer agreement was fully signed. She noted that her verified complaint specifically alleged that appellants had failed to provide her with a fully signed copy of the retainer agreement as required by law. Appellants filed a supplemental reply, but failed to address respondent's contention that she was never provided with a fully signed copy of the retainer agreement.

---

[2] On the advice of appellant Bayard, respondent had filed for Chapter 13 bankruptcy in an effort to retain her home. However, the attempt was unsuccessful. Later, the bankruptcy trustee sought disgorgement of some of the attorney fees respondent had paid appellants. The June 13 hearing was on the trustee's motion for disgorgement of fees. Subsequently, appellants agreed to pay $8,000 to settle the dispute.

At the hearing on appellants' petition to compel arbitration, respondent's counsel reiterated her argument that the retainer agreement was voidable at the option of the client because "Mr. Bayard and his firm never signed the agreement." Counsel further stated, "She [respondent] never got a copy countersigned by them." Counsel also represented that respondent no longer had a copy of the retainer agreement with her signature, although at one time, respondent thought she had it in storage. Finally, counsel argued that the retainer agreement was illegal because it called for payment in advance of services. "So not only did they fail to provide the client with a copy signed by the lawyer, which makes it voidable, they also have an illegal contract, which makes it void."

Following the hearing, the trial court denied the petition to compel contractual arbitration on the ground that the "moving party does not have a signed completed agreement." Appellants timely appealed.

## DISCUSSION

Under Code of Civil Procedure section 1281.2, a party to an arbitration agreement may petition the trial court to order the parties to the agreement to arbitrate a dispute. "The petitioner bears the burden of proving the existence of a valid arbitration agreement by [a] preponderance of the evidence, and a party opposing the petition bears the burden of proving by a preponderance of the evidence any fact necessary to its defense. [Citation.]" (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 972.) "We will uphold the trial court's resolution of disputed facts if supported by substantial evidence. [Citation.] Where, however, there is no disputed extrinsic evidence considered by the trial court, we will review its arbitrability decision de novo." (*Nyulassy v. Lockheed*

*Martin Corp.* (2004) 120 Cal.App.4th 1267, 1277; accord, *Giuliano v. Inland Empire Personnel, Inc.* (2007) 149 Cal.App.4th 1276, 1284.)

Here, appellants' petition to compel arbitration alleged that the parties had entered into a retainer agreement containing an arbitration clause. Appellants produced an unsigned copy of the retainer agreement, along with prior testimony from respondent that she had signed the agreement. Respondent contends that appellants nonetheless failed to sustain their burden of showing the existence of a written agreement to arbitrate because they failed to produce a fully signed copy of the retainer agreement. On this point, we disagree.

A petition to compel arbitration is essentially a suit in equity to compel specific performance of a contract. (*City of Hope v. Bryan Cave, L.L.P.* (2002) 102 Cal.App.4th 1356, 1369.) Under Civil Code section 3388, "[a] party who has signed a written contract may be compelled specifically to perform it, though the other party has not signed it, if the latter has performed, or offers to perform it on his part, and the case is otherwise proper for enforcing specific performance." (See also *Performance Plastering v. Richmond American Homes of California, Inc.* (2007) 153 Cal.App.4th 659, 668 ["lack of a party's signature does not make a fully executed contract unenforceable"].) Thus, appellants may enforce the terms of the retainer agreement against respondent, absent other considerations.[3] On this record, appellants met their initial burden of showing the existence of a written agreement to arbitrate.

---

[3] Respondent contends the individual lawyer defendants lacked standing to enforce the contractual arbitration clause, but we disagree, as they were alleged to be the general partners, agents or employees of the law firm. (See *Bouton v. USAA Casualty Ins. Co.* (2008) 167 Cal.App.4th 412, 424 [nonsignatory persons who are agents or alter egos of a signatory party or intended third party beneficiaries of an arbitration agreement may enforce agreement].)

However, even where an agreement to arbitrate exists, a motion to compel may properly be denied. And where the record demonstrates a basis for denying arbitration, an appellate court may affirm the trial court's ruling "on any basis presented by the record whether or not relied upon by the trial court." (*Day v. Alta Bates Medical Center* (2002) 98 Cal.App.4th 243, 252, fn. 1.) As explained below, on the record before the trial court, an alternative ground was demonstrated for denying the petition to compel arbitration.

Code of Civil Procedure section 1281 provides that "[a] written agreement to submit to arbitration an existing controversy or a controversy thereafter arising is valid, enforceable and irrevocable, *save upon such grounds as exist for the revocation of any contract*." (Italics added.) Likewise, Code of Civil Procedure section 1281.2 provides that the court shall order arbitration pursuant to an arbitration agreement, unless it determines "[g]rounds exist for the revocation of the agreement." (Code Civ. Proc., § 1281.2, subd. (b).) Respondent contends such grounds exist. She argues, inter alia, that the retainer agreement is voidable pursuant to section 6148, subdivision (a), and that she has elected to void the agreement. We agree.

Section 6148 provides that where the total expense to the client for legal services would reasonably exceed $1,000, the legal services contract must be in writing. Moreover, "[a]t the time the contract is entered into, the attorney shall provide a duplicate copy of the contract signed by both the attorney and the client." Additionally, the contract must set forth certain terms, such as attorney compensation and fees. (§ 6148, subd. (a).) "Failure to comply with any provision of this section renders the agreement voidable at the option of the client, and the attorney shall, upon the agreement being voided, be entitled to collect a reasonable fee." (§ 6148, subd. (c).)

7

Here, it is undisputed that section 6148 applies, as the retainer agreement was a legal services contract in which the client's monetary obligation exceeded $1,000. Respondent paid an initial retainer fee of $3,000, and agreed to make monthly payments for $1,000 in return for the law firm's services. Thus, the law firm was required to provide respondent with a duplicate copy of the written retainer agreement, signed by both the law firm and respondent. (See § 6148, subd. (a).) In respondent's verified complaint, she specifically alleged that she never received a fully signed copy of the retainer agreement.

Appellants contend that respondent admitted receiving a signed copy. During the June 13, 2013 bankruptcy court hearing, Bayard had asked respondent whether she received a "signed copy" of the retainer agreement, and she had responded: "I believe it's in storage." When viewed in context, however, respondent did not testify to having received a copy of the retainer agreement already signed by the law firm. Rather, she reiterated that the email attachment she received and signed was in storage. Notably, no evidence suggests that the law firm habitually sent signed copies of its retainer agreement to the client for the latter's signature. Indeed, the evidence is to the contrary. In his declaration in support of the petition to compel arbitration, Bayard stated: "Your Declarant personally sent a copy of the [r]etainer agreement to the Plaintiff by E Mail several days before she came into the office to execute it. A true and correct copy of said [r]etainer is attached hereto marked Exhibit '1' and incorporated herein by this reference as though fully set forth at length." The "true and correct copy of said [r]etainer" attached to the petition is an unsigned copy of the retainer agreement. Notably absent from the declaration is an averment that it was signed by Bayard or any other representative of the law firm.

Additionally, appellants have never produced or averred that they possess -- or ever possessed -- a fully signed copy of the retainer agreement. Nor have they produced a declaration from any partner, agent, or employee of the law firm stating that "a duplicate copy of the [retainer agreement] signed by both the attorney and the client" was provided to respondent, as required by section 6148, subdivision (a). In his declaration, Bayard merely stated that he personally sent a copy of the retainer agreement to respondent "several days before she came into the office to execute it." Bayard never stated that after respondent signed the retainer agreement, it was countersigned and a copy of the fully signed contract provided to respondent. Finally, despite this issue being raised in the verified complaint and at the hearing on the petition to compel arbitration, appellants have never addressed respondent's allegation that they failed to provide her with a fully signed copy of the retainer agreement. Nor do they address it on appeal, despite the issue being raised again in respondent's brief. On this record, appellants have failed to rebut respondent's claim that she never received a fully signed copy of the retainer agreement. Thus, respondent is entitled to rescind the retainer agreement pursuant to section 6148, subdivision (c).

At the hearing on their motion to compel, appellants argued that the trial court was not authorized to examine whether the retainer agreement was voidable or whether it's an "illegal contract." This argument is an apparent reference to the holding in *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1 (*Moncharsh*). There, the California Supreme Court held that "[i]f a contract includes an arbitration agreement, and grounds exist to revoke the entire contract, such grounds would also vitiate the arbitration agreement. Thus, if an otherwise enforceable arbitration agreement is contained in an illegal contract, a party may avoid arbitration altogether. [Citations.]" (*Id.* at pp. 29-30.) However, where "the alleged illegality

9

goes to only a portion of the contract (that does not include the arbitration agreement), the entire controversy, including the issue of illegality, remains arbitrable. [Citations.]" (*Id*. at p. 30.) Because the plaintiff in *Moncharsh* did not contend that the alleged illegality constituted grounds to revoke the entire employment contract or that the alleged illegality voided the arbitration clause of that contract, the entire controversy remained arbitrable. (*Id*. at pp. 29-30.) In contrast, here, respondent contended that she was entitled to void the entire contract pursuant to section 6148, subdivision (c), because appellants failed to provide her a fully signed copy as required in section 6148, subdivision (a). (See § 6148, subd. (c) ["Failure to comply with any provision of this section renders the agreement voidable at the option of the client . . . ."]; see also Civ. Code, § 1689, subd. (b) ["A party to a contract may rescind the contract in the following cases: [¶] . . . [¶] (5) If the contract is unlawful for causes which do not appear in its terms or conditions, and the parties are not equally at fault"].) Because "grounds must exist to revoke the entire contract," those grounds also vitiate the arbitration clause in the contract. (*Moncharsh*, *supra*, at p. 29.) Accordingly, there was no error in the denial of appellants' petition to compel contractual arbitration. (See Code Civ. Proc., §§ 1281, 1281.2.)[4]

---

[4]     Because we conclude that the entire agreement was voidable pursuant to section 6148, we need not address respondent's alternate argument that the entire agreement was void and illegal under Civil Code sections 2944.6 and 2944.7.

**DISPOSITION**

The order is affirmed.  Respondent is awarded her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

MANELLA, J.

We concur:

WILLHITE, Acting P. J.

COLLINS, J.

11