[No. B227486. Second Dist., Div. Three. Jan. 18, 2012.]

DAN BRIDGEFORD et al., Plaintiffs and Appellants, v.
PACIFIC HEALTH CORPORATION et al., Defendants and Respondents.

COUNSEL

Law Offices of Mark Yablonovich, Mark Yablonovich, Neda Roshanian and Michael D. Coats for Plaintiffs and Appellants.

Silver & Freedman, Andrew B. Kaplan and Jeffrey W. Mayes for Defendants and Respondents.

OPINION

**CROSKEY, J.**—Dan Bridgeford and Lucianna Tarin appeal the dismissal of their complaint after the sustaining of a demurrer without leave to amend. They contend the trial court misapplied the doctrine of collateral estoppel in holding that their class claims are precluded, and there is no basis to dismiss their individual claims or their representative claims under the Labor Code Private Attorneys General Act of 2004 (PAGA) (Lab. Code, § 2698 et seq.).[1] With respect to their class claims, we agree with plaintiffs' argument; defendants concede that there is no basis to dismiss the individual and PAGA claims. We follow *Smith v. Bayer Corp.* (2011) 564 U.S. ___ [180 L.Ed.2d 34, 131 S.Ct. 2368], in holding that the unnamed putative members of a class that was never certified cannot be bound by collateral estoppel. We therefore will reverse the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Present Complaint*

Bridgeford and Tarin filed a class action complaint in May 2010 against Pacific Health Corporation; Anaheim General Hospital; Jupiter Bellflower Doctors Hospital; Los Angeles Doctors Hospital Associates, LP; Los Angeles Doctors Partnership, LP; Los Angeles Doctors Corporation; Los Angeles Doctors Hospital; and Tustin Hospital and Medical Center. Plaintiffs allege that Pacific Health Corporation owns and operates hospitals and exercises control over the daily operations and working conditions of health care facilities operated by the other defendants. They allege that defendants jointly or as an integrated enterprise employed plaintiffs at a worksite known as Anaheim General Hospital. They allege that Los Angeles Doctors Hospital Associates, LP, and Los Angeles Doctors Corporation both operate under the fictitious business name Los Angeles Metropolitan Medical Center and that Pacific Health Corporation also holds itself out as the owner and operator of the same medical center.

---

[1] All statutory references are to the Labor Code unless stated otherwise.

Plaintiffs allege that defendants committed numerous wage and hour violations. They allege counts for (1) failure to pay wages due upon discharge or resignation (§§ 201, 202); (2) failure to pay regular and overtime wages due semimonthly (§ 204); (3) failure to provide meal breaks (§§ 226.7, 512); (4) failure to provide rest breaks (§ 226.7); (5) failure to provide itemized wage statements (§ 226); (6) failure to pay minimum wages for time worked off the clock (§ 1194, 1197); (7) failure to pay overtime wages (§§ 510, 1194, 1198); and (8) unfair competition (Bus. & Prof. Code, § 17200 et seq.).

Plaintiffs seek certification as a class action for each count. They also seek statutory penalties under the first through seventh counts and allege those counts as a representative enforcement action under PAGA.

### 2. *Prior Actions*

Josephine Larner filed a class action complaint against Pacific Health Corporation in September 2004 (*Larner v. Pacific Health Foundation* (Super. Ct. L.A. County, 2007, No. BC322049) (*Larner*)). The trial court dismissed Pacific Health Corporation as a defendant in March 2005 and substituted Los Angeles Doctors Hospital Associates, LP, in its place, pursuant to the parties' stipulation.[2] Larner filed a second amended class action complaint in May 2006 alleging counts for (1) failure to pay overtime wages (§§ 510, 1194, 1198); (2) failure to maintain accurate records of hours worked (§ 226); (3) failure to pay wages due upon discharge or resignation (§§ 201, 202); and (4) unfair competition (Bus. & Prof. Code, § 17200 et seq.).

Larner moved for certification of a class of all nonexempt employees of Los Angeles Metropolitan Medical Center from September 24, 2000, to the present and a subclass of all nonexempt employees of the same defendant from September 24, 2003, to the present.[3] The trial court denied the motion on the grounds that the motion was untimely, Larner's claims were atypical of those of other putative class members, and the class definition was overbroad and the class unascertainable. Larner and Los Angeles Doctors Hospital Associates, LP, then settled her individual claims and stipulated to the entry of a defense judgment. The court entered judgment accordingly in July 2007. Larner appealed the judgment, challenging the denial of class certification. The Court of Appeal concluded that the settlement of Larner's individual claims deprived her of any personal interest in the litigation and rendered the appeal moot, and therefore dismissed the appeal. (*Larner v. Los Angeles Doctors Hospital Associates, LP* (2008) 168 Cal.App.4th 1291, 1304–1305 [86 Cal.Rptr.3d 324].)

---

[2] We judicially notice the stipulation and order filed in *Larner, supra*, No. BC322049, on March 16, 2005. (Evid. Code, § 452, subd. (d).)

[3] We judicially notice the memorandum filed in support of the class certification motion in *Larner, supra*, No. BC322049, on May 23, 2007. (Evid. Code, § 452, subd. (d).)

Michael C. Ellis and Angela McCrary filed a class action complaint against Pacific Health Corporation in November 2007 (*Ellis v. Pacific Health Corp.* (Super. Ct. L.A. County, 2008, No. BC380230) (*Ellis*)) alleging counts for (1) failure to pay overtime wages (§§ 510, 1194, 1198); (2) failure to pay wages due upon discharge or resignation (§§ 201, 202); (3) failure to pay regular and overtime wages due semimonthly (§ 204); (4) failure to provide meal breaks (§§ 226.7, 512); (5) failure to provide rest breaks (§ 226.7); (6) failure to provide itemized wage statements (§ 226); and (7) unfair competition (Bus. & Prof. Code, § 17200 et seq.). The trial court dismissed Pacific Health Corporation as a defendant in January 2008 and substituted Los Angeles Doctors Hospital Associates, LP, in its place, pursuant to the parties' stipulation.[4] The court concluded that each count was barred by collateral estoppel and sustained a demurrer without leave to amend.

Susie Brock filed a class action complaint against Anaheim General Hospital and Pacific Health Corporation in November 2007 (*Brock v. Anaheim General Hospital* (Super. Ct. Orange County, 2011, No. 07CC11994) (*Brock*)) alleging counts for (1) failure to pay wages due upon discharge or resignation (§§ 201, 202); (2) failure to pay regular and overtime wages due semimonthly (§ 204); (3) failure to provide meal breaks (§§ 226.7, 512); (4) failure to provide rest breaks (§ 226.7); (5) failure to provide itemized wage statements (§ 226); and (6) unfair competition (Bus. & Prof. Code, § 17200 et seq.). The case was settled in November 2010 and dismissed.

### 3. *Demurrer*

Defendants demurred to the complaint in the present action, arguing as to each count that plaintiffs were collaterally estopped from seeking class certification because the issue of class certification was decided against plaintiffs by the trial court in *Larner, supra,* No. BC322049. Defendants also argued that each count failed to state a cause of action against any defendant other than Anaheim General Hospital as plaintiffs' alleged employer. Defendants also demurred to all counts other than the sixth count on the grounds of another action pending (Code Civ. Proc., § 430.10, subd. (c)), arguing that *Brock, supra,* No. 07CC11994, involved the same primary right as this case. Defendants requested judicial notice of several documents, including class action complaints filed in the prior actions. Plaintiffs opposed the demurrer.

---

[4] We judicially notice the stipulation and order filed in *Ellis, supra,* No. BC380230, on January 14, 2008. (Evid. Code, § 452, subd. (d).)

The trial court stated in its order sustaining the demurrer that the subclasses alleged here were substantially similar to those for which certification was sought in *Larner, supra*, No. BC322049, and that the causes of action alleged in this action were the same as those previously alleged in *Larner*. The court also stated that the trial court in *Larner* had rendered a final decision on the merits of "the issue of class certification" and that plaintiffs should not be allowed to litigate as a class action in this case the same causes of action alleged in *Larner* and additional causes of action against the same defendant and additional defendants. The court stated further that plaintiffs had failed to explain why the additional causes of action could not have been asserted in *Larner* or how the additional defendants could be potentially liable. The court therefore concluded that collateral estoppel applied and sustained the demurrer without leave to amend to all causes of action as to all defendants. The court entered a signed order of dismissal on September 8, 2010.[5] Plaintiffs timely appealed.

## CONTENTIONS

Plaintiffs contend the trial court misapplied the doctrine of collateral estoppel in holding that their class claims were precluded and there was no basis to dismiss their individual claims or their representative claims under PAGA.

## DISCUSSION

### 1.  Standard and Scope of Review

A demurrer tests the legal sufficiency of the factual allegations in a complaint. We independently review the sustaining of a demurrer and determine de novo whether the complaint alleges facts sufficient to state a cause of action or discloses a complete defense. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415 [106 Cal.Rptr.2d 271, 21 P.3d 1189].) We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded, and matters of which judicial notice has been taken. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 [6 Cal.Rptr.3d 457, 79 P.3d 569].) We construe the pleading in a reasonable manner and read the allegations in context. (*Ibid.*) We must affirm the judgment if the sustaining of a general demurrer was proper on any of the grounds stated in the demurrer, regardless of the trial court's stated reasons. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967 [9 Cal.Rptr.2d 92, 831 P.2d 317].)

---

[5] A signed order of dismissal is an appealable final judgment. (Code Civ. Proc., §§ 581d, 904.1, subd. (a)(1).)

Defendants generally demurred to the entire complaint based on collateral estoppel and generally demurred to each count against defendants other than Anaheim General Hospital based on the failure to allege facts sufficient to state a cause of action against each defendant (Code Civ. Proc., § 430.10, subd. (c)). Defendants also specially demurred to several counts on the grounds of another action pending. The order ruling on the demurrer stated that the demurrer was sustained based on collateral estoppel, but was silent as to the special grounds of another action pending. We presume that the court did not rule on the special grounds for demurrer, and therefore cannot affirm the judgment on those grounds. (*Briscoe v. Reader's Digest Association, Inc.* (1971) 4 Cal.3d 529, 544 [93 Cal.Rptr. 866, 483 P.2d 34], overruled on another point in *Gates v. Discovery Communications, Inc.* (2004) 34 Cal.4th 679, 685, 697, fn. 9 [21 Cal.Rptr.3d 663, 101 P.3d 552]; see *E. L. White, Inc. v. City of Huntington Beach* (1978) 21 Cal.3d 497, 504, fn. 1 [146 Cal.Rptr. 614, 579 P.2d 505].)

## 2. *The Denial of Class Certification Cannot Establish Collateral Estoppel Against Absent Class Members*

■ "Class certification requires proof (1) of a sufficiently numerous, ascertainable class, (2) of a well-defined community of interest, and (3) that certification will provide substantial benefits to litigants and the courts, i.e., that proceeding as a class is superior to other methods. (See Code Civ. Proc., § 382; *Sav-On Drug Stores, Inc. v. Superior Court* [(2004)] 34 Cal.4th [319,] 326 [17 Cal.Rptr.3d 906, 96 P.3d 194]; *Linder v. Thrifty Oil Co.* [(2000)] 23 Cal.4th [429,] 435 [97 Cal.Rptr.2d 179, 2 P.3d 27]; *City of San Jose v. Superior Court* [(1974)] 12 Cal.3d [447,] 459 [115 Cal.Rptr. 797, 525 P.2d 701].) In turn, the 'community of interest requirement embodies three factors: (1) predominant common questions of law or fact; (2) class representatives with claims or defenses typical of the class; and (3) class representatives who can adequately represent the class.' (*Richmond v. Dart Industries, Inc.* (1981) 29 Cal.3d 462, 470 [174 Cal.Rptr. 515, 629 P.2d 23].)" (*Fireside Bank v. Superior Court* (2007) 40 Cal.4th 1069, 1089 [56 Cal.Rptr.3d 861, 155 P.3d 268].) A class is ascertainable if objective means are available to identify its individual members at a reasonable expense. (*Reyes v. Board of Supervisors* (1987) 196 Cal.App.3d 1263, 1274–1275 [242 Cal.Rptr. 339].)

■ The decision whether a case is suitable to proceed as a class action ordinarily is made on a motion for class certification. (See *City of San Jose v. Superior Court, supra,* 12 Cal.3d at p. 453; Cal. Rules of Court, rule 3.764.) A court may decide the question earlier by sustaining a demurrer to the class

action allegations of a complaint only if it concludes as a matter of law that, assuming the truth of the factual allegations in the complaint, there is no reasonable possibility that the requirements for class certification will be satisfied. (*Vasquez v. Superior Court* (1971) 4 Cal.3d 800, 813 [94 Cal.Rptr. 796, 484 P.2d 964]; *Gutierrez v. California Commerce Club, Inc.* (2010) 187 Cal.App.4th 969, 975 [114 Cal.Rptr.3d 611].)

■ Collateral estoppel, or issue preclusion, precludes the relitigation of issues argued and decided in prior proceedings. (*Hernandez v. City of Pomona* (2009) 46 Cal.4th 501, 511 [94 Cal.Rptr.3d 1, 207 P.3d 506] (*Hernandez*).) " 'Traditionally, we have applied the doctrine only if several threshold requirements are fulfilled. First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. [Citations.]' [Citation.]" (*Ibid.*) " 'The "identical issue" requirement addresses whether "identical factual allegations" are at stake in the two proceedings, not whether the ultimate issues or dispositions are the same. [Citation.]' [Citation.]" (*Hernandez, supra*, at pp. 511–512.)

"Even if the minimal requirements for application of collateral estoppel are satisfied, courts will not apply the doctrine if considerations of policy or fairness outweigh the doctrine's purposes as applied in a particular case ([*Lucido v. Superior Court* (1990) 51 Cal.3d 335,] 342–343 [272 Cal.Rptr. 767, 795 P.2d 1223]), or if the party to be estopped had no full and fair opportunity to litigate the issue in the prior proceeding. (*Bostick v. Flex Equipment Co., Inc.* (2007) 147 Cal.App.4th 80, 97 [54 Cal.Rptr.3d 28]; *Gottlieb v. Kest* (2006) 141 Cal.App.4th 110, 148 [46 Cal.Rptr.3d 7].)" (*Zevnik v. Superior Court* (2008) 159 Cal.App.4th 76, 82 [70 Cal.Rptr.3d 817].)

An issue was "actually litigated" for purposes of collateral estoppel only if it was properly raised, submitted for determination, and decided in the prior proceeding. (*Hernandez, supra*, 46 Cal.4th at p. 511.) An issue decided in a prior proceeding establishes collateral estoppel even if some factual matters or legal theories that could have been presented with respect to that issue were not presented. (*Clark v. Lesher* (1956) 46 Cal.2d 874, 880–881 [299 P.2d 865]; *Murphy v. Murphy* (2008) 164 Cal.App.4th 376, 401 [78 Cal.Rptr.3d

784]; 7 Witkin, Cal. Procedure (5th ed. 2008) Judgment, § 419, pp. 1064–1065.) A prior decision does not establish collateral estoppel, however, on issues that could have been raised and decided in the prior proceeding but were not. (*Murphy, supra,* at p. 401; see 7 Witkin, *supra,* § 419, p. 1064.) Courts have recognized that distinguishing issues from factual matters or legal theories in this regard can be difficult. (*Clark, supra,* at pp. 880–881; *Wimsatt v. Beverly Hills Weight etc. Internat., Inc.* (1995) 32 Cal.App.4th 1511, 1517 [38 Cal.Rptr.2d 612].)

California courts have held or suggested that the denial of class certification can establish collateral estoppel against absent putative class members on issues that were actually decided in connection with the denial. (*Alvarez v. May Dept. Stores Co.* (2006) 143 Cal.App.4th 1223, 1236 [49 Cal.Rptr.3d 892]; *Bufil v. Dollar Financial Group, Inc.* (2008) 162 Cal.App.4th 1193, 1202–1203 [76 Cal.Rptr.3d 804] (*Bufil*); see also *Johnson v. GlaxoSmithKline, Inc.* (2008) 166 Cal.App.4th 1497, 1510–1513 & fn. 8 [83 Cal.Rptr.3d 607] (*Johnson*) [assuming the point while expressing reservations].) *Alvarez* stated that the principles of collateral estoppel ensure that the absent putative class members' interests were adequately represented in the prior proceeding. (*Alvarez, supra,* at p. 1236.) We conclude to the contrary that if no class was certified by the court in the prior proceeding, the interests of absent putative class members were not represented in the prior proceeding and the requirements for collateral estoppel cannot be established, as we shall explain.

Federal courts were divided as to whether the denial of class certification can establish collateral estoppel, or issue preclusion, on any issue. (Compare *In re Baycol Products Litigation* (8th Cir. 2010) 593 F.3d 716, 723, revd. *sub nom. Smith v. Bayer Corp., supra,* 564 U.S. ___ [held that the denial of class certification was binding on unnamed putative class members because they were in privity with and were adequately represented by the named plaintiffs in the prior proceeding] and *In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation* (7th Cir. 2003) 333 F.3d 763, 768–769 [held that unnamed putative class members could be treated as parties for purposes of collateral estoppel] with *In re Ford Motor Co.* (11th Cir. 2006) 471 F.3d 1233, 1253–1254 & fn. 40 [held that the denial of class certification was not sufficiently final to establish collateral estoppel].)

■ The United States Supreme Court, however, in *Smith v. Bayer Corp., supra,* 564 U.S. ___ [131 S.Ct. 2368], recently resolved the issue. Applying common law principles of issue preclusion, the high court held that unnamed putative class members cannot be bound by issue preclusion if the class was never certified in the prior proceeding. (*Id.* at pp. ___–___ [131 S.Ct. at pp. 2380–2381].) *Smith v. Bayer Corp.* stated, "[n]either a proposed class action nor a rejected class action may bind nonparties" (*id.* at p. ___ [131 S.Ct.

at p. 2380]), and, "[t]he great weight of scholarly authority . . . agrees that an uncertified class action cannot bind proposed class members" (*id.* at p. ___, fn. 11 [131 S.Ct. at p. 2381, fn. 11]). The high court explained that unnamed putative class members as nonparties can be bound by issue preclusion only if there was a properly certified class because only in those circumstances can the court in the later proceeding conclude that their interests were adequately represented in the prior proceeding. (*Id.* at pp. ___–___ & fn. 11 [131 S.Ct. at pp. 2379–2381 & fn. 11].)

■ We find the reasoning in *Smith v. Bayer Corp., supra,* 564 U.S. ___ [131 S.Ct. 2368], persuasive and conclude, under California law, that the denial of class certification cannot establish collateral estoppel against unnamed putative class members on any issue because unnamed putative class members were neither parties to the prior proceeding nor represented by a party to the prior proceeding so as to be considered in privity with such a party for purposes of collateral estoppel.

■ Plaintiffs here were not named plaintiffs in *Larner, supra,* No. BC322049, and the trial court in that case denied class certification. Contrary to the trial court's ruling, we conclude that plaintiffs as unnamed putative class members in *Larner* cannot be bound by collateral estoppel with respect to any issue decided in connection with the denial of class certification.[6] We therefore conclude that the sustaining of the demurrer to the class action allegations based on collateral estoppel was error.

### 3. *The Dismissal of Plaintiffs' Individual Claims and Representative Claims Under PAGA Was Error*

The trial court stated in its order sustaining the demurrer without leave to amend that the entire complaint was barred by collateral estoppel and that plaintiffs should not be allowed to litigate as a class action the same causes of action for which class certification was denied in *Larner, supra,* No. BC322049, or additional causes of action that could have been alleged in that case. The court did not separately address plaintiffs' individual claims or their representative claims under PAGA. Defendants concede that there was no proper basis for sustaining the demurrer to those claims, and we agree.

---

[6] We believe that framing the issue decided in the prior proceeding as the denial of class certification for a similarly defined class in an action involving similar claims, as the trial court did here, was overbroad. Instead, the issues decided in the prior proceeding should be defined more specifically and limited to the particular matters decided in connection with the ruling. (*Johnson, supra,* 166 Cal.App.4th at p. 1513; *Bufil, supra,* 162 Cal.App.4th at pp. 1203–1204.) In any event, we conclude that because there was no class certification, issues decided in the prior proceeding cannot be binding on absent putative class members.

## *DISPOSITION*

The judgment is reversed with directions to vacate the order sustaining the general demurrer to each count alleged in the complaint and enter a new order overruling the demurrer. Plaintiffs are entitled to recover their costs on appeal.

Klein, P. J., and Kitching, J., concurred.