FILED

MAY 21 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RJG CONSULTANTS, INC., a California corporation, dba RJG, Inc., | No. 11-55096 |
| Plaintiff - Appellant, | D.C. No. 8:10-cv-01465-CJC-PJW |
| v. | MEMORANDUM[*] |
| FORCE PROTECTION, INC., a Nevada corporation, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted May 7, 2012
Pasadena, California

Before: WARDLAW, PAEZ, and RAWLINSON, Circuit Judges.

Appellant RJG Consultants, Inc. (RJG) challenges the district court's

dismissal of its breach of contract and breach of the covenant of good faith and fair

dealing claims as barred by collateral estoppel.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court properly held that RJG was collaterally estopped from raising its claims because the California Court of Appeal's denial of RJG's petition to compel arbitration conclusively resolved RJG's claims against FPI. *See Murray v. Alaska Airlines, Inc.*, 237 P.3d 565, 571 (Cal. 2010) ("An issue is actually litigated when it is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined. A determination may be based on a failure of proof. . . .") (citations, alterations, internal quotation marks and emphases omitted). Although RJG had the opportunity to provide support for its claims, *see Bouton v. USAA Cas. Ins. Co.*, 167 Cal.App.4th 412, 427-28 (2008), the California Court of Appeal held that there was no evidence demonstrating that FPI was a party to the representation agreement or that FPI received any contractual benefits. *See Murray*, 237 P.3d at 571 ("The failure of a litigant to introduce relevant available evidence on an issue does not necessarily defeat a plea of collateral estoppel. . . .") (citation omitted). Because the California Court of Appeal rejected RJG's claims predicated on theories of agency, third-party beneficiary, ratification, estoppel and equity, RJG is barred from re-litigating these claims in federal court. *See Bridgeford v. Pac. Health Corp.*, 202 Cal.App.4th 1034, 1042 (2012) ("An issue decided in a prior proceeding establishes collateral estoppel even if some factual matters or legal theories that could have been presented with respect to that issue

2

were not presented. . . .") (citations omitted); *see also White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012) ("[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered. . . .") (citation and internal quotation marks omitted).[1]

**AFFIRMED.**

---

[1] Because RJG did not appeal the district court's dismissal of its implied-in-fact contract claim as barred by the statute of limitations, "any challenge to the dismissal of such claim[ ] is waived." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858 n.4 (9th Cir. 2008) (citation omitted).