Filed 10/12/22  Calm Creek v. Juhan CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CALM CREEK INC., | D078926 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2019-00024997-CU-UD-CTL) |
| ERNESTINE JUHAN et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of San Diego County, Ronald L. Styn, Judge.  Affirmed.

Stephen F. Lopez and Stephen F. Lopez for Defendants and Appellants.

Simone & Associates, Franco Simone and Lera Blevins for Plaintiff and Respondent.

I.

INTRODUCTION

Appellants Ernestine Juhan and Dale Dawalt appeal from a final judgment issued in Respondent Calm Creek's postforeclosure unlawful detainer action involving a residence that Juhan formerly owned in

San Marcos, California.  Dawalt is Juhan's fiancé, who entered the unlawful detainer action by filing a prejudgment claim of right to possession.

Appellants raise three issues on appeal, none of which is persuasive. They contend that the trial court erred by excluding, on res judicata and relevance grounds, Appellants' evidence challenging title; excluding Appellants' evidence of a lis pendens on the property; and awarding a monetary judgment against Dawalt, which Appellants claim is inconsistent with the court's finding that Dawalt was not a tenant.  Because the elements of issue preclusion were met, we conclude that the trial court did not err by excluding Appellants' evidence pertaining to purported problems in the chain of title.  Further, because the lis pendens related to a previously dismissed lawsuit and not to the present action, the trial court did not err by excluding it on relevance grounds.  Finally, because Dawalt filed a claim of right to possession, which exposed him to liability in the unlawful detainer action, the court could properly find him liable for damages.  Accordingly, we affirm the judgment.

II.

FACTUAL AND PROCEDURAL BACKGROUND

In 2002, Juhan and her former husband purchased a house in San Marcos, California (the Property).  Approximately two years later, an Interspousal Transfer Deed was recorded, granting the Property to Juhan as her sole and separate property.

Juhan financed a $400,000 loan on the Property through American Mortgage Network, Inc.  The loan was secured by a deed of trust (DOT).  The DOT identified Juhan as the borrower, American Mortgage as the lender, First American Title Insurance Company as the trustee, and MERS as nominee for the lender and as the beneficiary.  The record shows that the

2

DOT was recorded in September 2004 with the San Diego County Recorder's Office.[1]

In 2009, MERS recorded a Substitution of Trustee and Assignment of Deed of Trust. The instrument substituted ReconTrust Company N.A. as the trustee under the DOT and assigned the DOT to The Bank of New York Mellon FKA The Bank of New York (The Bank of New York) as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2004-J12, Mortgage Pass-Through Certificates, Series 2004-J12 (the 2009 Assignment).

In 2013, Juhan sued numerous defendants in San Diego County Superior Court (*Juhan I*), including Bank of America, MERS, The Bank of New York, and ReconTrust, for alleged wrongdoing in the loan modification process and for wrongful foreclosure. In her first cause of action for violation of the Security-First Rule, Juhan challenged the validity of the 2009 Assignment. Juhan also recorded a Notice of Lis Pendens related to her lawsuit.

On June 8, 2015, Judge Earl Maas sustained without leave to amend Defendants Bank of America, MERS, and ReconTrust's demurrer to Juhan's Second Amended Complaint, and later dismissed with prejudice all of Juhan's causes of action challenging the loan securitization, assignments, chain of title, and the defendants' authority to foreclose. The dismissed causes of action included claims for violation of the security-first rule, breach of oral and written contract, wrongful foreclosure, promissory estoppel, negligence, negligent misrepresentation, fraud, violation of the Rosenthal

---

[1] The record shows that all documents pertaining to the Property and noted within this opinion were recorded with the San Diego County Recorder's Office.

3

Fair Debt Collection Practices Act, and violation of Business and Professions Code section 17200.

In his detailed minute order, Judge Maas reasoned in part:

> "The first cause of action for 'violation of the Security-First Rule' (CCP § 726) lacks merit. To the extent this cause of action is based on Defendants' lack of security interest in the subject property at the time of the recording of the Notice of Default, the cause of action lacks merit. Defendants had the right to foreclose on the security. The Notice of Default recorded in October 2009 was rescinded. At the time the most recent Notice of Default was recorded in September 2011, ReconTrust was the trustee and Bank of New York Mellon was the beneficiary pursuant to the December 2009 Substitution of Trustee and Assignment of Deed of Trust."

Judge Maas also expressly rejected Juhan's arguments, including that "(1) None of the defendants had the right to foreclose because the note and/or Deed of Trust were not assigned to them, [and] (2) ReconTrust was not lawfully appointed as trustee and improperly executed the Notice of Default before it was substituted as trustee." The court entered final judgment against Juhan on September 10, 2015. She did not appeal.

In February 2018, The Bank of New York recorded a Substitution of Trustee, substituting Zieve, Brodnax and Steele, LLP into the DOT as trustee. After Juhan defaulted on her loan, Zieve Brodnax recorded a Notice of Default and Election to Sell Under Deed of Trust, showing that Juhan was in arrears on her mortgage loan in the amount of $377,039.16. A Notice of Trustee's Sale was recorded on October 4, 2018. The Notice of Trustee's Sale indicated that the unpaid balance on Juhan's mortgage loan was more than $654,913.

4

Calm Creek purchased the Property at a foreclosure sale on April 26, 2019.  A Trustee's Deed Upon Sale was recorded on May 7, 2019, showing Calm Creek as the grantee.

On May 10, 2019, Calm Creek personally served Juhan with a Notice to Vacate Property within three days.  The three-day notice stated that it also applied to "any person who is not a bona fide tenant or subtenant."  Juhan failed to vacate the property.  Five days later, Calm Creek filed a Summons and Complaint for Unlawful Detainer in the San Diego County Superior Court.

In December 2019, Dawalt filed a Prejudgment Claim of Right to Possession in which he declared under penalty of perjury that he had occupied the Property from May 15, 2019 (the date on which Calm Creek filed its complaint) to the present under a rental agreement with Juhan.

As relevant to this appeal, the trial court granted Calm Creek's motions in limine, including Motion in Limine One to exclude evidence of the lis pendens recorded by Juhan relating to *Juhan I*; Motion in Limine Three to exclude evidence of Juhan's affirmative defenses, which pertained to various purported irregularities in the chain of title; and Motion in Limine Four to exclude evidence of those purported title issues.

At the April 5, 2021 bench trial on the unlawful detainer, the court admitted in evidence chain of title documentation offered by Calm Creek beginning with Juhan's purchase of the Property and ending at the time of the trustee's sale to Calm Creek.  The court found that Dawalt was not a tenant and added, "At the most, [Dawalt] was a guest."  The court further found that Dawalt had received the three-day notice that is statutorily required for an occupant.  The court also took judicial notice of Judge Maas's June 8, 2015 ruling in *Juhan I*, and found that the purported problems in the

5

chain of title that Juhan attempted to raise in the present case were barred by res judicata. The court concluded that, based on res judicata, the 2009 Assignment—which Juhan had attempted to challenge as void during the unlawful detainer action—"was valid and [Bank of New York, to whom the assignment was made] had the beneficial interest, had the right to foreclose." The court proceeded to rule for Calm Creek and against Appellants on the unlawful detainer. Finally, the court awarded $94,664.30 in damages, representing $133.33 fair rental value per day for the 710 day-period during which Appellants wrongfully claimed possession of the Property. This period began on the date the complaint was filed and ended on the date the trial commenced.

III.

DISCUSSION

Appellants complain that the trial court should not have granted Calm Creek's motions in limine to exclude evidence pertaining to purported problems in the chain of title and the lis pendens. Dawalt additionally takes issue with the court's award of monetary damages against him. Calm Creek contends that the court properly applied res judicata to bar Appellants' evidence of purported title issues, that the court properly excluded the lis pendens on relevance grounds, and that the court could properly hold Dawalt liable for damages. We agree with Calm Creek on all points and affirm.

A.    *Request for Judicial Notice*

Calm Creek filed an unopposed request for judicial notice, asking that this court take judicial notice of five documents: Juhan's three complaints in *Juhan I*, as well as Judge Maas's June 8, 2015 minute order and the September 10, 2015 judgment of dismissal in *Juhan I*. First, the judgment of dismissal is included in Appellants' Appendix, and the minute order is

6

included in Respondent's Appendix.  Further, as reflected in the reporter's transcript of the April 5, 2021 trial, the trial court took judicial notice of both of these documents.  Thus, we deny Calm Creek's request for judicial notice as to these two documents (Exhibits 4 and 5) because they are already part of the record on appeal.

Calm Creek contends that the remaining documents—the three complaints in *Juhan I*—are relevant to the trial court's determination that res judicata precluded Appellants from introducing certain evidence at trial. Calm Creek further contends that we should take judicial notice of these documents pursuant to Evidence Code section 452, subdivision (d).  First, we note that Calm Creek filed a request for judicial notice of these complaints in the trial court.  The record does not reflect whether the trial court ruled on that request.  Moreover, the complaints are not necessary to our disposition of this appeal.  Thus, we deny Calm Creek's request for judicial notice of Exhibits 1, 2, and 3.  (See *Mangini v. R. J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1063 [only relevant material is subject to judicial notice], overruled on other grounds by *In re Tobacco Cases II* (2007) 41 Cal.4th 1257.)

B.    *Standards of Review*

A trial court's ruling on a motion in limine is generally reviewed for abuse of discretion.  When the issue is one of law, however, review is de novo. (*Condon–Johnson & Associates, Inc. v. Sacramento Municipal Utility Dist.* (2007) 149 Cal.App.4th 1384, 1392; *Johnson v. GlaxoSmithKline, Inc.* (2008) 166 Cal.App.4th 1497, 1507 [reviewing de novo court's application of collateral estoppel].)  A trial court's factual findings are reviewed for substantial evidence.  (*Palm Property Investments, LLC v. Yadegar* (2011) 194 Cal.App.4th 1419, 1425-1426.)

7

C. *The trial court did not err in applying res judicata to exclude Appellants' evidence of purported problems in the chain of title*

There are two forms of res judicata: claim preclusion and issue preclusion.[2] (See *Samara v. Matar* (2018) 5 Cal.5th 322, 326 & fn. 1.) As the names suggest, claim preclusion prevents relitigation of entire causes of action (*id.* at p. 326), while issue preclusion prevents relitigation of specific issues (*id.* at p. 327).

As relevant to this appeal, issue preclusion applies: (1) after a final judgment on the merits (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party. (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341.) Issue preclusion prohibits the relitigation of issues argued and decided in a previous case, even if the second suit raises different causes of action. (*DKN Holdings, supra,* 61 Cal.4th at p. 824.) In addition, "[a]n issue decided in a prior proceeding establishes [issue preclusion] even if some factual matters or legal theories that could have been presented with respect to that issue were not presented." (*Bridgeford v. Pacific Health Corp.* (2012) 202 Cal.App.4th 1034, 1042 (*Bridgeford*).)

Appellants contend that the trial court erred by applying claim and issue preclusion to exclude their evidence of purported irregularities in the

---

[2] Although the trial court and parties use the terms "res judicata" and "collateral estoppel," we follow our Supreme Court's example by using the terms "claim preclusion" and "issue preclusion" to avoid confusion. (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824 (*DKN Holdings*).)

chain of title.[3] Specifically, Appellants claim that Calm Creek provided the trial court with only a "bare ruling," i.e., Judge Maas's brief September 10, 2015 *Juhan I* Judgment of Dismissal—and that as a result, the trial court lacked the facts and information necessary to determine whether that ruling was on the merits or whether the other elements of claim and issue preclusion applied.[4] We are not persuaded.

As Calm Creek contends, and as the record shows, the trial court in this case had before it more than just the conclusory judgment of dismissal from *Juhan I*. In addition to the judgment, the trial court took judicial notice of Judge Maas's detailed four-page June 8, 2015 minute order in *Juhan I*, in which Judge Maas substantively analyzed the merits of Juhan's numerous causes of action challenging the loan securitization, assignments, title, and

---

[3]     Although Appellants wanted to challenge various assignments and foreclosure documents to show that Calm Creek did not have valid title, they have not made any showing on appeal as to how they could do so. Nor does it appear that Appellants made such a proffer in the trial court, short of arguing that Juhan's signature did not appear on the 2004 note that she requested from the mortgage servicer. We therefore focus our analysis on the particular challenges that Appellants raise with respect to the trial court's finding that issue preclusion barred their evidence.

[4]     The September 10, 2015 Judgment of Dismissal in *Juhan I* states only: "The Court, having sustained the demurrer of Defendants BANK OF AMERICA, N.A., individually and as successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP (erroneously sued as Bank of America, N.A., f/k/a Bank of America Home Loans Servicing, LP, Countrywide Home Loans Servicing LP, Inc.); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and RECONTRUST COMPANY, N.A. (erroneously sued as Recontrust) (collectively, "Defendants") to the Second Amended Complaint filed by Plaintiff Ernestine Juhan without leave to amend, hereby orders that this action is dismissed with prejudice as to Defendants. IT IS SO ORDERED."

9

the defendant entities' authority to foreclose, and dismissed all of Juhan's claims.

"[I]t is generally held that a demurrer which is sustained for failure of the facts alleged to establish a cause of action, is a judgment on the merits." (*Kanarek v. Bugliosi* (1980) 108 Cal.App.3d 327, 334 ["Whether a judgment based on the sustaining of a general demurrer is a judgment on the merits depends upon the facts of the specific case and the reason for the ruling"].)  In contrast, "[a] judgment based upon the sustaining of a *special* demurrer for *technical or formal defect* is not on the merits and is not a bar to the filing of the new action." (*Ibid.*, second italics added.)  Judge Maas's order does not indicate—and Appellants do not suggest—that the demurrer was sustained for a mere "technical or formal defect."  Rather, Judge Maas's order reflects that he sustained the demurrer based on Juhan's failure to allege facts sufficient to establish her causes of action.  Thus, we conclude that the judgment in *Juhan I* was "on the merits." (Cf. *Goddard v. Security Title Ins. & Guarantee Co.* (1939) 14 Cal.2d 47, 54 [explaining that a dismissal for a mere technical defect is not "on the merits"]; *Buell v. CBS, Inc.* (1982) 136 Cal.App.3d 823, 826 ["[D]ismissal . . . for failure to serve the complaint is not a dismissal on the merits"].)

Applying the remaining elements of issue preclusion, we conclude that they are met here and support the trial court's finding that issue preclusion barred Appellants' evidence pertaining to purported problems with the chain of title.[5]  First, because Judge Maas's judgment of dismissal was with

---

[5]      Because we conclude that the trial court in the present case did not err by applying issue preclusion to exclude Appellants' evidence of purported problems in the chain of title (Calm Creek's Motions in Limine 3 and 4), we need not address Appellants' arguments challenging whether the evidence was relevant and/or precluded by claim preclusion.

prejudice, and Juhan did not appeal it, the judgment in *Juhan I* is a "final judgment." Second, the issues that Juhan sought to litigate in the unlawful detainer action are "identical" to those raised in *Juhan I*. Appellants' sole argument on this point is that Judge Maas's order in *Juhan I* did not address the validity of the assignments or indicate that the assignment of the note and deed of trust was ever at issue in *Juhan I*. But again, Appellants are mistaken. The minute order makes clear that the chain of title was litigated in *Juhan I*, and as explained in his order, Judge Maas found that the 2009 Assignment was valid: "At the time of the most recent Notice of Default was recorded in September 2011, ReconTrust was the trustee and Bank of New York Mellon was the beneficiary pursuant to the December 2009 Substitution of Trustee and Assignment of Deed of Trust." Judge Maas also expressly rejected Juhan's arguments, including that "(1) None of the defendants had the right to foreclose because the note and/or Deed of Trust were not assigned to them, [and] (2) ReconTrust was not lawfully appointed as trustee and improperly executed the Notice of Default before it was substituted as trustee."[6]

---

[6] The question of whether Judge Maas's ruling is legally correct is not before us in this appeal. Even if the ruling were incorrect, our conclusion would remain the same. For purposes of claim and issue preclusion, " 'an erroneous judgment is as conclusive as a correct one.' " (*Olwell v. Hopkins* (1946) 28 Cal.2d 147, 152.) (See also *Smith v. Smith* (1981) 127 Cal.App.3d 203, 209 ["Although the 1968 determination that the divorce decree was res judicata on the issue of retirement benefits was incorrect [citations], this fact does not control. For the purpose of the doctrine of res judicata, ' "an erroneous judgment is as conclusive as a correct one" ' " (fn. omitted)]; 7 Witkin, Cal. Proc. (6th ed. 2022) Judgment, § 397, p. 915 ["[A] judgment is binding and conclusive against collateral attack even though it is harsh or unjust, contrary to the evidence, or based on errors of law"].)

As to the final elements of issue preclusion, which Appellants do not contest, we conclude that they are met. The issues were "actually litigated" because they were "properly raised, submitted for determination, and determined in that proceeding." (*Hernandez v. City of Pomona* (2009) 46 Cal.4th 501, 511; see also *Murphy v. Murphy* (2008) 164 Cal.App.4th 376, 401 (*Murphy*) [party asserting issue preclusion "need not establish that oral testimony, or any particular type of evidence was presented," and "[a]n issue may be submitted and determined on a motion to dismiss for failure to state a claim"].) In addition, the issues were "necessarily decided" in *Juhan I*, and Juhan was a party to that action. We therefore conclude that the title-related factual matters and legal theories as to which Appellants sought to present evidence at trial in the present case were either already raised, or could have been raised, in the prior case—in addition to having been addressed in Judge Maas's ruling.[7] (See *Bridgeford, supra*, 202 Cal.App.4th at p. 1042; *Murphy, supra*, 164 Cal.App.4th at pp. 401-402.) Accordingly, the trial court did not err in excluding Appellants' evidence of purported irregularities in the chain of title.

D.     *The trial court did not err by excluding evidence of the lis pendens*

Appellants contend that the trial court abused its discretion by excluding evidence of Juhan's lis pendens filed in connection with *Juhan I*, which remained of record at the time of the foreclosure sale. Appellants claim that the lis pendens was relevant and that they would have used it to show that Calm Creek was on notice of the alleged defects in the title at the

---

7     In addition to Judge Maas's ruling rejecting Appellants' challenge to the validity of the title documents, the record reflects that the trial court also admitted the chain of title documentation—none of which Appellants dispute.

time it purchased the Property and that, as a result, Calm Creek was not a bona fide purchaser. We are not persuaded.

A lis pendens provides constructive notice of ongoing litigation, so that any judgment later obtained in the action relates back to the time that the lis pendens was filed. (*Slintak v. Buckeye Retirement Co., L.L.C., Ltd.* (2006) 139 Cal.App.4th 575, 586.) Put another way, "[a] lis pendens clouds title until the litigation is resolved or the lis pendens is expunged, and any party acquiring an interest in the property after the action is filed will be bound by the judgment." (*Id.* at pp. 586-587.)

The lis pendens at issue provided constructive notice of the pendency of *Juhan I*. But as discussed above, *Juhan I* was dismissed with prejudice in 2015 and the judgment in that case was final well before Calm Creek purchased the Property in 2019. The trial court therefore did not abuse its discretion in excluding as irrelevant the lis pendens tied to the previously dismissed case. (See, e.g., *Estates of Collins & Flowers* (2012) 205 Cal.App.4th 1238, 1254 ["The trial court correctly concluded that the lis pendens lacked materiality once the underlying action was dismissed"]; *Garcia v. Pinhero* (1937) 22 Cal.App.2d 194, 196 [when "the action wherein the notice is filed ceases to be pending and is terminated the notice of its pendency has fully performed its office and may not be relied upon to afford constructive notice that a similar action may subsequently be instituted"].)

E.     *The trial court did not err by finding Dawalt liable for damages*

In their final argument on appeal, Appellants take issue with the trial court's damages award of $94,664.30 against them. They complain that because the court found that Dawalt was not a tenant at the Property, the court could not award what Appellants characterize as "rent" damages

13

against him. Calm Creek contends that this argument misstates the trial court's findings and is misleading. We agree with Calm Creek.

We begin by outlining the context relevant to Appellants' argument. At trial, Appellants did not claim that Dawalt was a prior owner of the Property. But the parties disputed whether Dawalt was a *tenant* and thus, whether Calm Creek had satisfied its notice obligations as to Dawalt.[8] After a foreclosure sale, the amount of notice that must be given to a person claiming possession turns on whether that person is a prior owner, tenant, or occupant. A tenant of the property sold at foreclosure must be given at least 30 days notice before being evicted. (Code Civ. Proc., §§ 1161a, subd. (c), 1161b.) In contrast, a prior owner or occupant of a property sold at foreclosure must be given at least three days notice. (Code Civ. Proc., § 1161a, subd. (b).) Although Appellants are correct that the court found that Dawalt was not a tenant, they neglect to explain that the court made this finding within the context of the disputed *notice* issue, not damages. Specifically, the court found that because Dawalt was not a tenant and was at most a guest, the three-day notice requirement applied and was satisfied.

As to Dawalt's claim that the trial court found him liable for monetary damages of "rent," he is incorrect. Rather, as Calm Creek notes, the court held Dawalt liable for holdover damages from the time that he claimed possession of the Property until the date of the trial. This was proper.

Dawalt responds that because the court found that he was not an occupant but instead, a guest, holdover damages could not properly be awarded against him. Regardless of whether the court found Dawalt to be an occupant or a guest, substantial evidence supports the court's award of

---

[8]     Dawalt does not challenge the findings that he was not a tenant and that Calm Creek satisfied the notice requirement.

14

holdover damages. The record shows that Dawalt filed a prejudgment claim of right to possession[9] in which he declared under penalty of perjury that he occupied the Property on the date the unlawful detainer complaint was filed. (See Code Civ. Proc., §§ 415.46, 1174.3.) Dawalt thus injected himself into the unlawful detainer action, made a claim of occupancy from the time that the unlawful detainer complaint was filed, and thereby exposed himself to a potential award of damages against him. (See Code Civ. Proc., § 1164 [" . . . but when it appears that any of the parties served with process, or appearing in the proceeding, are guilty of the offense charged, judgment must be rendered against him"].) Dawalt offers no authority to the contrary. We therefore conclude that the trial court did not err by finding Dawalt liable for these damages.

IV.

DISPOSITION

The judgment is affirmed. Respondent is entitled to costs on appeal.


AARON, J.


WE CONCUR:

McCONNELL, P.J.

DATO, J.

---

9    A claim of right to possession is the mechanism by which an occupant who occupied the property on or before the date the unlawful detainer action was filed may claim possession to that property. After such a claim is filed, the claimant is added as a defendant to the unlawful detainer and must respond to the complaint. (See Code Civ. Proc., §§ 415.46, 1174.3.)